UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JEROME,

                 Petitioner,                        Civil No.: 2:19-cv-13286
                                                       HONORABLE SEAN F. COX

v.

WILLIS CHAPMAN, [1]

                 Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

       Charles Jerome ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges his jury trial convictions for three counts of third-degree criminal sexual conduct, M.C.L. § 750.520(d)(1)(a). The state trial court sentenced Petitioner as a fourth-offense habitual offender to serve 204 months to 50 years' imprisonment concurrently on all three counts. For the reasons discussed below, the habeas petition is DENIED.

## I. Background

       Petitioner was convicted following a jury trial in Ionia County Circuit Court. The Michigan Court of Appeals adequately summarized the facts in its opinion on direct appeal; the facts below are presumed to be correct on habeas review, *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

---

[1] The proper respondent in a habeas action is the petitioner's custodial. See Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. Petitioner is presently incarcerated at the Bellamy Creek Correctional Facility where Matt Macauley is the Warden. The Court directs the Clerk of Court to amend the case caption to substitute Matt Macauley as the respondent.

> Defendant and his girlfriend lived in the living room of a home of another couple.
> On occasion, the couple's 15-year-old babysitter (AE) would also stay the night
> and sleep in the living room. Defendant made advances towards AE once
> everyone else in the house went to sleep. During trial, AE described four separate
> times that defendant vaginally penetrated her. The first three encounters occurred
> in different rooms of the house, including the bathroom and the children's room.
> Before the fourth encounter, defendant asked AE if she would have "a threesome
> type thing" with him and defendant's brother. At a later time, defendant and his
> brother both vaginally penetrated AE the same night at different times.
> Eventually, AE told her parents what happened, and they called the police.

*People v. Jerome*, No. 339404, 2019 WL 637809 at *1 (Mich. Ct. App. Feb 14, 2019).

Petitioner appealed as of right to the Michigan Court of Appeals, which affirmed his

convictions. *Jerome*, 2019 WL 637809 at *4. The Michigan Supreme Court denied leave to

appeal, *People v. Jerome*, 503 Mich. 1038, 927 N.W.2d 241 (2019). Petitioner seeks habeas

relief on the following grounds:

> I.    Petitioner's convictions are against the great weight of the evidence and
> the evidence was insufficient to convict beyond a reasonable doubt.

> II.   Petitioner's trial counsel was ineffective for failing to file a motion to
> disqualify trial court judge (Hon. Ronald J. Shafer) who is related to the
> Petitioner.

Pet. at 5, 7, ECF No. 1, PageID. 5, 7.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–

> > (1)  resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

### III.  Discussion

**A.  Claim # 1.  The great weight and sufficiency of evidence claim.**

Petitioner first argues that the verdict is against the great weight of the evidence and that the evidence presented was insufficient to support his third-degree criminal sexual conduct convictions.

Petitioner's argument that the verdict is against the great weight of the evidence does not state a federal constitutional claim. Under Michigan law, a trial court may order a new trial

"where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642 (1998) (internal quotation omitted). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude." *Id*. at 634, n. 8. A great weight of the evidence claim alleges an error of state law, which is not cognizable on habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"); *Threatt v. Harry*, No. 18-1709, 2018 WL 6721774, *2 (6th Cir. Oct. 10, 2018) (holding that a claim that a conviction is against the great weight of the evidence does not present a federal constitutional question).

But a sufficiency of the evidence claim is cognizable on habeas review. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In a habeas corpus proceeding, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.' " *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

A federal habeas court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences

4

must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 326).

To prove third-degree criminal sexual conduct under Michigan law, the prosecution must establish that the defendant engaged in sexual penetration with a person at least 13 years of age, but under 16 years of age. *See People v. Starks*, 473 Mich. 227, 235, 701 N.W.2d 136 (2005). Because an underage minor cannot legally consent to sexual penetration with another person, proof of sexual penetration of an underage child automatically constitutes third-degree criminal sexual conduct. *Id*.

The Michigan Court of Appeals rejected Petitioner's sufficiency of the evidence claim:

> In this case, defendant does not contest that the prosecution proved the first element beyond a reasonable doubt. We must, therefore, determine only whether there was sufficient evidence of sexual penetration to support defendant's convictions.

> There is abundant evidence in the record to support the jury's verdict. The Michigan Supreme Court has recognized that "[e]vidence of guilt in child molestation cases is typically hard to come by because in most cases the only witness is the victim, whose testimony may not be available, helpful, or deemed credible because of his or her age." *People v. Watkins*, 491 Mich. 450, 475; 818 N.W.2d 296 (2012). Under MCL 750.520h, there is no need for corroborating evidence and "[a] victim's testimony alone can provide sufficient evidence to support a conviction." *People v. DeLeon*, 317 Mich. App. 714, 719; 895 N.W.2d 577 (2016). In this case, the victim testified that she had sexual intercourse with defendant on four separate occasions. Although no corroboration of the victim's testimony was necessary, MCL 750.520h, five additional witnesses testified that they heard defendant admit to having sexual intercourse with the victim. One of these witnesses also testified that defendant asked him on two separate occasions to "cover" for him during his trial testimony. This request for perjured testimony was admissible as additional evidence of guilt. See, e.g., *People v. Unger*, 278 Mich. App. 210, 227; 749 N.W.2d 272 (2008) ("A jury may infer consciousness of guilt from evidence of lying or deception.").

> On appeal, defendant primarily relies on the testimony of his fiancée, claiming that because she testified that he was always with her on weekends, he had an alibi. Because this Court did not hear the testimony of the trial witnesses, we must

5

defer to the credibility assessment made by the jury that necessarily rejects this defense. See *Henderson*, 306 Mich. App. at 9. Moreover, having reviewed the whole record, we believe that the jury had ample reason to doubt the credibility of defendant's fiancée, who had motive to lie and admitted that, other than her testimony, there was no proof that defendant could not have committed the crimes alleged.

*Jerome*, 2019 WL 637809 at * 2.

The Michigan Court of Appeals' rejection of the claim was reasonable and therefore precludes habeas relief. The evidence presented at trial, viewed in a light favorable to the prosecution, established that Petitioner committed multiple counts of third-degree criminal sexual conduct. The victim testified that she and Petitioner engaged in sexual intercourse on four separate occasions when she was 14 years old. (ECF 11-7, PageID.375-384; ECF 11-7, PageID.407.) Such testimony, if believed, was sufficient to support Petitioner's convictions for third-degree criminal sexual conduct. Although a victim's testimony alone can be constitutionally sufficient to sustain a conviction, s*ee Tucker v. Palmer*, 541 F.3d 652, 658–59 (6th Cir. 2008) (citing cases), multiple other witnesses corroborated the victim's testimony that Petitioner sexually penetrated her. (ECF 11-7, PageID.579-580, 598, 617-618, 660; ECF 11-8, PageID.760.) Petitioner argues that this evidence was insufficient to convict him because the prosecution failed to establish that any injury occurred. However, evidence of an injury is not needed to prove third-degree criminal sexual conduct. *See Starks*, 473 Mich. at 235; *see also People v. Harp*, No. 274468, 2008 WL 108961, at *1 (Mich. Ct. App. Jan. 10, 2008) (stating that "third-degree criminal sexual conduct does not require the element of personal injury").

Petitioner also argues that the evidence was insufficient to convict because the jury heard testimony from a defense alibi witness. Petitioner's argument would require the Court to assess witness credibility, which "is generally beyond the scope of federal habeas review of sufficiency of evidence claims." *Matthews*, 319 F.3d at 788. The Court cannot reweigh the evidence

presented at trial and must defer to the fact finder's assessment of witness credibility. *Id*. Here, the jury chose not to believe the alibi witness's testimony that Petitioner could not have committed the crimes because he was with her on weekends. The Court must defer to the jury's rejection of the alibi witness's testimony. Petitioner is not entitled to habeas relief on this claim.

### B. Claim #2. The ineffective assistance of counsel claim.

Petitioner next argues that defense counsel was ineffective for failing to move to disqualify Judge Ronald J. Schafer, the Ionia County Circuit Court judge presiding over his jury trial and sentencing, on the basis that Judge Schafer was the first cousin of Petitioner's daughter's mother's stepfather and, therefore, was either actually biased or appeared biased.

To establish ineffective assistance of counsel, Petitioner must prove that: (1) counsel's performance was deficient, i.e., "that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The test for prejudice is whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The Michigan Court of Appeals reasonably concluded that the "purported familial relationship, without more, was not sufficient reason to warrant the trial judge's disqualification and the defendant's trial counsel was not deficient in failing to ask for it." *Jerome*, 2019 WL 637809 at * 4. To reach this conclusion, the court of appeals looked to the Michigan Court

Rules, which state that disqualification is warranted if the judge or the judge's spouse is "within the third degree of relationship" to "a party to the proceeding" or that party's spouse. *Id*. at 4; *see also* M.C.R. 2.003(C)(1)(g)(i). The court of appeals determined that judicial disqualification was unwarranted because the trial judge and Petitioner appeared to be seven degrees apart. *Id*.

This Court is bound by the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Petitioner has offered no evidence to establish judicial bias other than the purported familial relationship between him and the trial judge. It is evident that this attenuated relationship between Petitioner and the trial judge did not warrant judicial disqualification under the Michigan Court Rules and a motion for disqualification likely would have been denied. Thus, defense counsel could have reasonably concluded that it would be futile to file the motion. It is well established that "the failure to make futile objections does not constitute ineffective assistance[.]" *Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir. 2016). Similarly, "failing to make a futile motion is neither unreasonable nor prejudicial." *Jacobs v. Sherman*, 301 F. App'x 463, 470 (6th Cir. 2008) (citing *Strickland*, 466 U.S. at 687). Petitioner cannot establish that defense counsel's performance was deficient under these facts and that any prejudice resulted; therefore, he is not entitled to relief on this claim.

## IV. Conclusion

The state appellate court's decision on Petitioner's claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the Court denies the amended petition for a writ of habeas corpus.

The Court declines to grant a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In addition,

reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the claims deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Therefore, the Court will deny a certificate of appealability.

### V. Order

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

Dated:  December 2, 2022                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge

9